### HARVEY v. STEVENS & a.

A party may show that he acted under a void or illegal contract, when the evidence is offered merely for the purpose of showing with what intention an act was done, such intention being material, and the contract being otherwise immaterial.

ASSUMPSIT, to recover the price of tanning a lot of hides. Facts found by the court.

John Davis & Co. were carrying on the tanning business in Warner prior to September 21, 1869, and on that day the plaintiff, having a mortgage of all their personal property, took possession of it on his mortgage. October 28, 1869, Davis & Co. being insolvent, an agreement for a compromise was executed by all their creditors except the plaintiff, by which they agreed to accept sixty per cent. in full discharge of their claims. It was then understood by the defendants that the plaintiff was to furnish Davis & Co. the funds to pay the sixty per cent., and take their property. The plaintiff advanced the money for that purpose, and Davis & Co. gave him a bill of sale of all the property used by them in the business, including their stock, raw, wrought, and in process, under which the plaintiff took possession December 6, 1869, and continued the business. November 11, 1869, the defendants sent the hides in question to Warner, directed to themselves; and after the plaintiff had taken possession of the stock of Davis & Co. under his bill of sale, he took the hides from the railroad, paid the freight, carried them to the tannery, and proceeded to tan them.

The defendants, subject to exception, introduced evidence tending to show that they had no knowledge that the plaintiff was tanning their hides, or that he expected them to pay him for tanning them. Also, subject to exception, the defendants introduced evidence tending to prove that they sent the hides to Warner to be tanned by Davis & Co., under an arrangement made by them with one Preston, the business agent of Davis & Co., when they signed the agreement for a settlement, whereby it was agreed between them and Preston that they were to receive the sixty per cent. in cash, the same as the other creditors, and notes for the balance of their claim signed by Davis & Co., payable in part in tanning, and that they did in fact receive such notes, and sent the hides to be tanned under that agreement.

The arrangement between the defendants and Preston, at the time the agreement for a settlement was made, was not known to the plaintiff or to the other members of the firm of Davis & Co., or to their creditors, and it was not intended by the parties that it should be known to the plaintiff or to the other creditors of Davis & Co.

The plaintiff contended that the arrangement between the defendants and Preston was fraudulent against the plaintiff, the other creditors, and the other members of the firm of Davis & Co., and therefore the evidence was inadmissible for any purpose. Verdict for the defendants, and motion for a new trial by the plaintiff.

*Mugridge*, for the plaintiff.

*Sargent & Chase*, for the defendants.

CLARK, J. The evidence that the defendants had no knowledge that the plaintiff was tanning the hides was competent, as tending to show that the defendants did not understand they were to pay for the work, and to rebut any inference of a promise on their part to pay for the services rendered that might be drawn from the supposition that they were rendered with their knowledge and consent.

It was also material and competent for the defendants to show with what intention they sent the hides to Warner, to rebut any inference that they sent them to be tanned by the plaintiff. If the hides had been sent by the defendants to Warner to be tanned by the plaintiff, it would have been competent for the plaintiff to show that fact. If they were sent there to be tanned by somebody else, or for some other purpose, it was equally competent for the defendants to show it, to negative the inference of any contract with the plaintiff. Suppose the hides had been sold to Davis & Co., or to Preston, and had been sent there to be delivered: it would have been competent for the defendants to show that fact. It was equally competent for the defendants to show that the hides were sent to be tanned by Davis & Co. under an agreement made with Preston, and not with any intention of employing the plaintiff to tan them.

That the agreement between the defendants and Preston may have been fraudulent and void as to other creditors of Davis & Co. is immaterial. The defendants are not seeking to enforce that agreement, or to set it up as a defence. The evidence was introduced to show that the defendants had contracted with Preston for tanning the hides, and that they did not understand that the plaintiff was to tan them. For this purpose the defendants might have shown that they sent the hides to Warner to conceal them from their creditors, if such had been the fact. A party may show that he acted under a void or illegal contract, when the evidence is offered merely for the purpose of showing with what intention an act was done, such intention being material, and the contract being otherwise immaterial.

*Exception overruled.*

STANLEY, J., did not sit.